UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYNISKI EVANS                                                                CIVIL ACTION

VERSUS                                                                       NO. 14-2825

MCDONALD'S RESTAURANT,                                                       SECTION "C"
COAXUM ENTERPRISES, INC.


### ORDER AND REASONS[1]

Before this Court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Rec. Doc. 10. The plaintiff, Tyniski Evans, opposes. Rec. Doc. 16. Having considered the record, the memoranda of counsel and the law, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion, granting plaintiff leave to amend as set forth below.

### I. BACKGROUND

Plaintiff, a 23 year-old, African American woman alleges in her complaint that she was discriminated against on the basis of her race, age, religion, sex, and national origin. Rec. Doc. 1. Plaintiff alleges that she is a former employee of defendant, Coaxum Enterprises, Inc., improperly identified as McDonald's Restaurant. *Id.* A *pro se* litigant, she has brought a claim under Title VII of the Civil Rights Act, the American with Disabilities Act, and the Age Discrimination in Employment Act. *Id.* Evans claims she was recently diagnosed with bipolar disorder, schizophrenia, and autism. Rec. Doc. 16. These mental illnesses led to her

---

[1] Nadia Samad, a third year law student at Loyola University New Orleans College of Law, helped to prepare this order.

1

homelessness, forcing her to take residence in the shelter, Covenant House. *Id.* Through the services at Covenant House, plaintiff interviewed at many establishments for employment, and was eventually hired by McDonald's. *Id.* While working for defendant, plaintiff claims that she was bullied on several occasions at her workplace, and that she informed her managers, but that the mistreatment persisted. Id. On October 2014, she lodged a complaint with the Equal Employment Opportunity Commission alleging discrimination, but the case was subsequently closed by the agency. Rec. Doc. 1. The plaintiff is seeking compensation for being discharged and damages in the amount of $5,000 dollars. *Id*.

Defendant, Coaxum Enterprises, Inc., seeks to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rec. Doc. 10-1. The defendant argues that the complaint "provides no underlying facts to support these complaints." *Id.*

**II. STANDARD OF REVIEW**

A motion to dismiss will be granted when a complaint does not provide, "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complainant must plead facts that raise the right of recovery above speculation. *Twombly,* 550 U.S. at 555-556. "While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Fed. R. Civ. P. Rule 12(b)(6), 28 U.S.C.A. In

assessing a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation,* 459, F.3d 191, 205 (5th Cir. 2007).

### III. LAW AND ANALYSIS

Plaintiff is a *pro se* litigant, and "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981). The defendant argues that plaintiff does not provide sufficient facts in her complaint to allege violations under Title VII, the Americans with Disability Act, and the Age Discrimination in Employment Act, amounting to a failure to state a claim under Fed. R. Civ. P. 12(b)(6). 42 U.S.C. § 2000 e-2, also known as Title VII, provides :

> (a) Employment Practices
> It shall be unlawful employment practice for an employer –
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges, or employment because of such individual's race, color, religion, sex or national origin.

In *Swierkiewicz v. Sorema N.A.,* the Supreme Court held that to survive a motion to dismiss, an employment discrimination complaint did not have to state facts establishing a prima facie case as described in *McDonnel Douglas Corp v. Green*. *Swierkiewicz v. Sorema N.A,* 534 U.S. 506 (2002). "The court noted that the prima facie case under *McDonnel Douglas* is an evidentiary standard, not a pleading requirement." *Id.* In this case, the plaintiff, Swierkiewicz, alleged he had been terminated on the basis of his Hungarian national origin. *Id.* His complaint detailed the events leading up to his termination, relevant dates (e.g. date of when he was hired and discharged), and nationalities of at least some of the relevant persons involved with his

termination. *Id.* The Court ruled that, "these allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." *Id.*

In contrast, plaintiff in her complaint has made bare allegations of discrimination based on her race, color, religion, sex, and national origin. Rec. Doc. 1. She has failed to offer supporting facts in regards to her Title VII claims of discrimination and therefore should amend her complaint to include factual allegations that allow the court to make reasonable inferences about defendant's liability. Plaintiff needs to allege in her complaint, and not only in her opposition to the motion to dismiss, that she was not promoted and bullied. Rec. Doc. 16. Plaintiff should, if possible provide greater details of the incidents that led to her being terminated and the comments and history of misbehavior by the employer to give fair notice to the defendant of the basis of her suit.

The plaintiff's complaint is additionally deficient in providing facts to buttress her alleged claim of discrimination under the Americans with Disability Act (ADA). In order to state a claim under the ADA, a plaintiff must prove that she has a disability, is qualified for the job, and her employer made an adverse employment decision because of her disability. *Nelly v. PSEG Texas, Ltd. Partnership*, 735 F.3d 242 (5th Cir. 2013). Plaintiff has made only a conclusory statement about being discriminated against because of her disability. Rec. Doc. 1. The plaintiff should allege in her complaint, and not her opposition to the motion, that she is diagnosed with Autism, Bipolar Disorder, and Schizophrenia. Plaintiff should also supplement her amended complaint with a description of incidents that are indicative of discrimination by her employer.

As for the alleged violation under the Age Discrimination in Employment Act, plaintiff's claim will be dismissed with prejudice. 29 U.S.C.A. § 631 requires one to be 40 years of age to bring a claim of age discrimination, and the plaintiff is 23 years-old, barring her from recovery.

Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff is given thirty (30) days from the date of this Order to amend her complaint to properly allege a violation under Title VII of the Civil Rights Act and the Americans with Disability Act.

New Orleans, Louisiana this 13th day of July, 2015.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**